(53 South. 313.)

No. 18,452.

COMMUNY v. O'SULLIVAN.

In re EMMA REALTY CO., Limited.

(Sept. 3, 1910.)

*(Syllabus by the Court.)*

1. PROHIBITION (§ 5*)—GROUNDS — PROCEEDINGS OF COURTS.

The writ of prohibition will not be issued (as relates to appeal) to the end of maintaining jurisdiction of the appellate court, unless the appeal is perfected at least to the extent of executing a legal bond in accordance with an order of appeal, fixing the amount for the bond.

[Ed. Note.—For other cases, see Prohibition, Dec. Dig. § 5.*]

*(Additional Syllabus by Editorial Staff.)*

2. APPEAL AND ERROR (§ 452*)—PROCEEDINGS FOR TRANSFER—EFFECT OF APPLICATION.

An application for appeal not granted cannot be considered as an application granted, divesting the court of original jurisdiction of its jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2212, 2213; Dec. Dig. § 452.*]

3. MANDAMUS (§ 57*) — GROUNDS — COMPELLING GRANTING OF ORDER OF APPEAL.

If the trial judge errs in refusing to grant an order of appeal, mandamus will lie to compel him to correct his mistake and invest the appellate court with jurisdiction.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 68, 114–120; Dec. Dig. § 57.*]

Action by Mrs. Alice Communy against E. A. O'Sullivan. Judgment for plaintiff, and the Emma Realty Company applies for a writ of prohibition. Denied.

E. A. O'Sullivan, for relator.

BREAUX, C. J. Plaintiff, Mrs. Alice Communy, seeks to foreclose her mortgage.

The Emma Realty Company alleged that it bought the property on which the mortgage rests and assumed the mortgage. It enjoined foreclosure and furnished an injunction bond.

The plaintiff appeared and moved to set aside the injunction on the grounds that there was no cause of action and that the allegations were not true.

Besides, that the surety company, surety on the injunction bond, was insolvent and insufficient.

Plaintiff, besides asking for a dissolution of the injunction, prayed for damages.

The injunction on this motion was dissolved, and no damages were allowed.

The ground for dissolving the injunction was that the allegations of the petition for injunction did not sustain the demand for the writ.

From the judgment dissolving the injunction, the relator moved for an appeal, suspensive and devolutive.

In the motion for the appeal, relator inserted "one hundred and twenty dollars" for the amount of the bond to be furnished for a suspensive appeal.

August 22, 1910, is the return day of the appeal, as per order of appeal.

The amount involved is over $4,000.

The court adopted the order as written except as to the amount of the bond.

This the court changed by canceling the words "one hundred and twenty dollars," and inserting in lieu that the bond be furnished as to amount in accordance with sum required by law.

The relator's complaint is that an amount for over one-half over and above the amount of cost is sufficient for the suspensive appeal from the judgment dissolving the injunction.

The difficulty by which relator is met is that the issue is not before us, as the Emma Realty Company only applies for a writ of prohibition.

The appeal has not been perfected upon the theory upon which the relator acts in applying for this prohibition.

The matter at issue on that theory is still before the district court. The judge has retained it there by refusing to grant the order of appeal, as before mentioned.

An application for an appeal not granted cannot be considered as an application granted, divesting the court of original jurisdiction of its jurisdiction.

The sine qua non to invest the appellate court with jurisdiction is an order fixing the amount of the bond in an appeal in which such an amount must be specifically fixed by the court.

If the judge committed an error, mandamus would lie to compel him to correct his mistake, and thereby invest the appellate court with jurisdiction.

It being very evident that this court is without jurisdiction in matter of this application, it only remains for us to decline to issue the writ nisi. Were we to grant that writ, the result would be the same.

If the asserted appeal were before this court on a motion to dismiss the appeal for want of a legal order of appeal, fixing the amount of the bond (conceding for the moment all that the relator claims), still the appeal would have to be dismissed.

The error is substantial and jurisdictional.

The applicant's demand is rejected, and its petition dismissed.